IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA G.R.P.,<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>WARDEN OF THE CALIFORNIA CITY<br>DETENTION FACILITY, *et al.*,<br><br>　　　　Respondents. | Civil No. 1:26-cv-04406-MWJS<br>ORDER GRANTING PETITION FOR<br>WRIT OF HABEAS CORPUS IN PART<br><br>A# 221-370-650 |

**ORDER GRANTING PETITION FOR WRIT OF**
**HABEAS CORPUS IN PART**

Petitioner Juana G.R.P.[1] entered the United States without inspection on an

unknown date.  Dkt. No. 8-1, at pg. 1.  On March 21, 2026, she was arrested in Las

Vegas, Nevada for "battery/domestic violence, a misdemeanor."  *Id.* at pg. 2.  Two days

later, Petitioner was transferred to the custody of U.S. Immigration and Customs

Enforcement.  *Id.*  Although she he has not been found to be a danger to the community

or a flight risk at a bond hearing, Petitioner continues to be detained.  Dkt. No. 1, at pg.

2.

---

[1]　　For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner now invokes this court's habeas jurisdiction arguing that her detention is unlawful.[2]  Petitioner seeks an order granting either her immediate release or a bond hearing.  *Id.* at pg. 17.

This court and many others have granted relief in cases analogous to this one. *See, e.g.*, *Anderson O.H.G. v. Johnson*, No. 1:26-cv-03248-MWJS, 2026 WL 1330831 (E.D. Cal. May 12, 2026); *Jose C.L.L. v. Chestnut*, No. 1:26-cv-03453-MWJS, 2026 WL 1275305 (E.D. Cal. May 7, 2026); *Francisco C.T. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-03308-MWJS, 2026 WL 1234218 (E.D. Cal. May 4, 2026); *Ixcox Chum v. Lyons*, No. 1:26-cv-02491-KES-EPG (HC), 2026 WL 950765 (E.D. Cal. Apr. 8, 2026).  The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court ordered Respondents to address the following three issues: (1) whether Petitioner is subject to a final order of removal; (2) whether, in Respondents' view, Petitioner is subject to mandatory detention pursuant to any provision other than 8 U.S.C. § 1225(b)(2); and (3) whether Petitioner was ever previously detained and

---

[2]     Although Petitioner focuses primarily on her due process rights, the court liberally construes her pro se pleading as also asserting a violation under the Immigration and Nationality Act.  *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  In this regard, Petitioner asserts that she has been denied "statutory access" to a bond hearing under 8 U.S.C. § 1226(a).  Dkt. No. 1, at pg. 12.

released by immigration authorities.  Dkt. No. 7.  The court appreciates Respondents'

timely and candid response.  Dkt. No. 10.  Although Respondents maintain that

Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2), they acknowledge both that

she is not subject to a final order of removal, and that she is not subject to any other

mandatory detention provision.  Dkt. No. 8, at pg. 1.

Given the lack of any factual or legal issues in this case that would distinguish it

from the prior cases that this court has found persuasive, IT IS HEREBY ORDERED that

the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED in part, to the extent

Petitioner contends that she is entitled to a bond hearing.  Respondents are ENJOINED

AND RESTRAINED from continuing to detain Petitioner unless they demonstrate,

within seven days of the date of this order, that Petitioner has received a bond hearing

before a neutral decisionmaker in accordance with 8 U.S.C. § 1226(a) and its

implementing regulations.  Respondents shall file a status report within ten days of the

date of this order, confirming whether a bond hearing has been held and, if so, the

outcome of that hearing.  If a bond hearing has been held, the status report must

include a copy of the immigration judge's decision or an explanation of why the

decision is not available.

//

//

//

//

3

Considering the foregoing, Petitioner's motion for appointment of counsel, Dkt. No. 2, is DENIED as moot.  The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  June 12, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-04406-MWJS; *Juana G.R.P. v. Warden of the California City Detention Facility*, et al.; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART